Martin, J.
delivered the opinion of the court. The plaintiffs Erwin, M'Laughlin & co. sold to the defendant, ninety-one bales of cot *91 ton for cash, and delivered them on his promise to pay in two days. Immediately on receipt of the cotton, Cliff, an agent of the house of H. Dawson & co. of Liverpool, made an advance to the defendant, of seventeen cents per pound. Whereupon, the cotton was shipped for Liverpool, for the account and risk of the defendant ; but before the ship sailed, the defendant failed, and the plaintiffs sequestered the cotton, claiming a lien on it, as vendors. Cliff intervened as claimant, obtained a delivery of the cotton, on giving bond and surety, and sent it to Liverpool, where it was sold, and the net proceeds fell considerably short from the sum advanced. The plaintiffs’ demand for the price of the cotton was admitted to be, having been reduced by partial payments, $2805 44.
East’n District.
May, 1820.
The plaintiffs Rogers and Cully had sold to the defendant twenty-six bales of cotton. Their situation was admitted to be perfectly the same, except as to the quantum of their demand, as that of Erwin, M'Laughlin & co. the balance due them was $1646 08.
The district court was of opinion, that " the seller has a right to reclaim the property sold, so long as it remains in the power of the buyer, and the seller has not been paid. At the time of the sequestration, the condition of the buyer’s title had not been changed. The cotton was
*92 shipped on his account. The advances made by the claimant, on the cotton, did not alter the buyer’s title. The former cannot look to the cotton or its proceeds, to be reimbursed. He must look to the person, and not to the thing.” Accordingly, judgment was given in favour of the plaintiffs for their respective balances, and the claimants appealed.
The above statement, which was made before trial, in the district court, comes up with the record, and is accompanied by the bill of lading, and account of sales. The bill of lading (for there is but one for the two parcels of cotton) shows that the shipment was made by, and in the name of Cliff, the agent of H. D. & co. to his principals, the name, of neither of the plaintiffs, appearing thereon.
Although the cotton is stated to have been sold for cash, yet as it is also stated to have been afterwards delivered on a promise to pay in two days, the sale must be considered as on a credit. The buyer then well might, as he did, instantly pledge the cotton, for an advance made thereon, or sell it. The claimants having undertaken to be the factors of the defendants, in the shipment and sale of the cotton, and hav *93 ing made advances thereon, and acquired a lien on it for such advances, and consequent disbursements on the cotton, which is in their possession, are accountable only for the balance that may appear due to the defendant. And it is admitted that the net proceeds, does not cover the claimants' advances.
Grymes for the plaintiffs, Livermore for the claimant.
The claimants having, as factors, a lien on the cotton for their advances, it cannot be considered in the power and possession of the defendant, who could not have demanded a surrender of it, without reimbursing the sum received, and incidental charges. And although it was at his risk, and he was entitled to the profits, if any there had been ; yet the receipt of the advances created a lien which affected his right. The district court, therefore, erred in considering the situation of the defendant as unchanged.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that there be judgment for the claimants, with costs in both courts.